UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-155 |
| V. | ) | |
| | ) | (PHILLIPS/SHIRLEY) |
| CALVIN JEROME ESKRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

The defendant appeared before the Court on February 10, 2009, for an initial appearance and bond revocation hearing on a Petition for Action on Conditions of Pretrial Release [Doc. 12]. Assistant United States Attorney David C. Jennings appeared on behalf of the government. Attorney Paula R. Voss represented the defendant, who was also present.

On October 23, 2008, the defendant was released on personal recognizance with an Order Setting Conditions of Release [Doc. 4]. The conditions of the defendant's release included that he refrain from committing any violation of federal, states, or local law. On November 10, 2008, his conditions of release were modified [Doc. 7] to add the condition that the defendant not associate with anyone engaged in criminal activity or who is a convicted felon. On January 28, 2009, the defendant's probation officer filed a Petition for Action on Conditions of Pretrial Release [Doc. 12], stating that on January 26, 2009, law enforcement advised the probation officer that the defendant had been dealing drugs while on pretrial release.

On February 10, 2009, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the defendant had violated the terms of the Order Setting Conditions of Release and, if such violation had occurred, whether sanctions were appropriate. At the hearing, the defendant admitted committing the violation alleged in the Petition. Based on the defendant's admission, the Court finds probable cause exists to believe that the defendant has committed a federal, state, or local crime while on release. See 18 U.S.C. § 3148(b)(1)(A). The Court also finds by clear and convincing evidence that the defendant has violated the terms of the Order Setting Conditions of Release as modified, specifically that he not associate with persons engaged in criminal activity. See 18 U.S.C. § 3148(b)(1)(B). The Court further finds that there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community and that the defendant is unlikely to abide by any condition or combination of conditions of release. See 18 U.S.C. § 3148(b)(2). Accordingly, the Order Setting Conditions of Release [**Doc. 4**] is hereby **REVOKED**.

The defendant is **ORDERED** remanded to the custody of the United States Marshal to await his trial, which is presently scheduled for **February 19, 2009,** before the Honorable Thomas W. Phillips, United States District Judge. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United

States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

                                          ENTER:

                                          <u>s/ C. Clifford Shirley, Jr.</u>
                                          United States Magistrate Judge