UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-155-1 |
| | ) | REEVES/POPLIN |
| CALVIN JEROME ESKRIDGE | ) | |

## MEMORANDUM AND ORDER

Before the Court is Calvin Jerome Eskridge's *pro se* motion for early termination of supervised release [D. 35]. The Court celebrates and commends Mr. Eskridge's hard work while on supervised release. However, as follows, Mr. Eskridge's request for early termination will be denied.

**I.      Background**

On June 14, 2010, the Honorable Thomas, W. Phillips, United States District Judge, sentenced Mr. Eskridge to 117 months' imprisonment, followed by 5 years of supervised release, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). [D. 32]. Mr. Eskridge began his term of supervised release on August 8, 2017 and has completed 2 years and 8 months of his supervised release term. Pursuant 28 U.S.C. § 137 and Rule 25 of the Federal Rules of Criminal Procedure, Mr. Eskridge's case was reassigned to this Court. [D. 34].

On April 3, 2020, Mr. Eskridge filed the motion before the Court requesting early termination of his supervised release. In support of his motion, Mr. Eskridge states that, during his time on supervised release, he has tested negative for illegal substances and has secured employment as a Journeyman with a local union. Mr. Eskridge has completed the Midway Rehabilitation Program, several skills programs during his incarceration, and several work-related courses since his release. He has assisted elderly members in his community and avoided people and situations that may interfere with the progress he has made. He states that has fostered a support circle and is committed to continuing as a productive member of society.

Mr. Eskridge's probation officer has confirmed that he has complied with the conditions of supervision since he began on August 8, 2017 and that all drug screens have been negative. Further, the probation office indicates that Mr. Eskridge has appeared to re-integrate into society, maintaining a stable residence and employment. Moreover, Mr. Eskridge has completed more than half of his 5-year term, and he has been respectful and compliant with his supervising officer.

## II. Standard

A court may terminate a term of supervised release at any time after the expiration of one year of supervision if, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

## III. Analysis

Here, despite Mr. Eskridge's progress, early termination of supervised release is not appropriate at this time under 18 U.S.C. § 3583(e). Mr. Eskridge's criminal history includes several serious offenses, including crimes of violence, and he was sentenced as Armed Career Criminal. *See* 18 U.S.C. § 924(e)(1). Due to the nature and circumstances of Mr. Eskridge's offense and his history and characteristics, the Court finds that, for the time being, the supervised release term that was imposed at sentencing is still proper. *See generally* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(6). Consequently, Mr. Eskridge's motion [D. 35] is **DENIED**. However, the Court commends Mr. Eskridge for his hard work and encourages him to seek early termination at a later date if he continues to make positive progress.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**